**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **CECIL CURRY,** | : | |
| | : | |
| **Petitioner,** | : | |
| | : | |
| **VS.** | : | |
| | : | **NO. 5:15-CV-0074-MTT-MSH** |
| | : | |
| **Sheriff BILL MASSEY,** | : | |
| | : | |
| **Respondent.** | : | |

_____

## ORDER

Petitioner Cecil Curry a detainee at the Baldwin County Jail in Milledgeville, Georgia, filed a *pro se* petition for habeas corpus relief, pursuant to 28 U.S.C. § 2241, to challenge the legality of his continued pre-trial confinement. (EFC No. 1)  Shortly after his pleading was filed, Petitioner was advised that if he wished to pursue habeas relief in this Court, he must complete a standard form application and either pay the required filing fee or move for leave to proceed *in forma pauperis*. (ECF No. 4).  Petitioner was also advised of the prerequisite that he exhaust all available state remedies and directed to notify the Court if he wished to voluntarily dismiss his petition for lack of exhaustion. (*Id*.) When the time for responding to the Court's order passed without response from Petitioner, Petitioner was ordered to respond and show cause why his application for relief should not be dismissed for failure to comply with an order of the Court. (ECF No. 5).

The time for filing a response to the Show Cause Order has now passed (*Id*. at 1-2), and Petitioner has again failed to comply with an order of the Court.  Though Petitioner

did submit a letter (EFC No. 6) making additional complaints about his pretrial confinement, Petitioner has still not completed a standard form application, sought leave to proceed *in forma pauperis*, or otherwise provided any excuse or explanation for his continued noncompliance.

Because of this failure, Petitioner's application is hereby **DISMISSED** without prejudice.  *See* Fed. R. Civ. P. 41(b); *Brown v. Tallahasse Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing *Lopez v. Aransas Cnty Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).

**SO ORDERED**, this 29th day of May, 2015.

S/ Marc T. Treadwell
MARC T. TREADWELL
UNITED STATES DISTRICT COURT